**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR86** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **MOISES FLORES SANDOVAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the defendant, Moises Flores Sandoval's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 139), and Supplement regarding Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 140).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

A jury found Flores-Sandoval guilty on Count I of the Indictment charging him with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and Count II of the Indictment charging him with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court sentenced Flores-Sandoval to 235 months in the custody of the Bureau of Prisons

followed by five years supervised release.  Flores-Sandoval appealed to the Eighth Circuit arguing that the district court erred in refusing to suppress evidence seized from a vehicle during a traffic stop.  The Eighth Circuit affirmed the decision of the district court.  United States v. Sandoval, No. 03-2686 (8th Cir. May 11, 2004).

In Flores-Sandoval's § 2255 motion he raises three issues: (1) that he received ineffective assistance of counsel at sentencing when his counsel failed to argue Blakely v. Washington issues as well as anticipating United States v. Booker; (2) that recent Supreme Court decisions Blakely v. Washington and United States v. Booker render his sentence presumptively unconstitutional entitling Flores-Sandoval to be re-sentenced; (3) that Flores-Sandoval received ineffective assistance of counsel at sentencing when counsel failed to argue that the elements of the sentencing enhancements in U.S.S.G. §§ 3B1.1(c) (organizer, leader, manager, supervisor) and 3C1.1 (obstruction of justice), should have been charged in the indictment submitted to the jury, and proven beyond a reasonable doubt.

**First and Second Claim**

Flores-Sandoval's first and second claims are based on the recent decision in United States v. Booker, 543 U.S. 220 (2005), however, the Eighth Circuit has held that the "new rule" announced in Booker, decided on January 12, 2005, does not apply to convictions that became final before the rule was announced.  Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).  Therefore, because his conviction was final before the Booker decision was announced, Flores-Sandoval's claims are denied.

Moreover, the issue is procedurally barred, as it was not raised in any manner at trial, sentencing, or on appeal.  Flores-Sandoval has not overcome the procedural default

by showing: 1) cause for the default; and 2) actual innocence.  McNeal v. United States, 249 F.3d 747, 748 (2001).

For these reasons, the claims are denied.

**Third Claim**

Flores-Sandoval's third claim alleges that he received ineffective assistance of counsel based on his counsel's failure to argue that the elements of §§ 3B1.1(c) and 3C1.1 should have been charged in the indictment and proved beyond a reasonable doubt pursuant to Apprendi, Blakely, and Booker.

Aside from the issues of waiver, timeliness and procedural default, the defendant's claim fails on its merits because defendant's sentence was not enhanced based on the criteria in §§ 3B1.1(c) and 3C1.1.

IT IS ORDERED:
1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 139) is summarily dismissed;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 9th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge